## W. R. ROACH & CO. v. G. & J. LO BUE BROS.

(Court of Appeals of District of Columbia. Submitted January 11, 1927. Decided February 7, 1927.)

### No. 1895.

Trade-marks and trade-names and unfair competition ☞43—Macaroni held not possessed of same descriptive properties as canned or fresh fruits and vegetables or coffee, as affecting registration of trade-mark.

Macaroni *held* not possessed of same descriptive properties as canned fruits, vegetables, salmon, pork and beans, and evaporated milk, or fresh fruits, vegetables, coffee, tea, and similar products, as affecting right to registration of trade-mark.

Appeal from the Commissioner of Patents.

Application by G. & J. Lo Bue Bros. for registration of trade-mark, opposed by W. R. Roach & Co. From a decision of the Commissioner of Patents, dismissing the opposition, opposer appeals. Affirmed.

E. T. Fenwick and E. G. Fenwick, both of Washington, D. C., for appellant.

Appellee, pro se.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellee applied for the registration of its trade-mark consisting chiefly of the representation of a heart, for use upon macaroni. The appellant opposed the application, upon the ground that it was the prior registrant of a mark similarly embellished with a heart, used upon canned fruits, canned vegetables, canned salmon, canned pork and beans,

canned evapoi ated milk, fresh fruits, fresh vegetables, coffee, tea, and similar products. The appellant has also used its mark upon macaroni, but this use first began after the present application of appellee was filed.

The Examiner of Interferences dismissed the opposition upon motion of the applicant, upon the ground that the goods upon which appellant had used the mark prior to this application, as above specified, were not of the same descriptive properties as macaroni.

The opposer appealed from the dismissal to the Commissioner of Patents, claiming that the goods in question were of the same descriptive properties as macaroni, and insisting that the Examiner erred in denying opposer the right to introduce testimony in order to prove the likelihood of confusing in trade and injury to opposer.

The Commissioner considered the appeal and observed that an order like this which denies opposer the opportunity to take testimony, should be granted only in a clear case, but held, nevertheless, that the Examiner was right in his ruling that the goods of the respective parties were not of the same descriptive properties. He therefore affirmed the decision of the Examiner. The Commissioner based his conclusion in part upon the opinions of this court in Johnson Educator Food Company v. Sylvanus Smith & Co., Inc., 37 App. D. C. 107, and Quaker Oats Co. v. Mother's Macaroni Co., 41 App. D. C. 254.

The first of these cases held that salted, smoked, and canned fish were not of the same descriptive properties as crackers, biscuits, bread and breakfast cereals. The second case held that the registration of the word "Mother's," as a trade-mark for macaroni, spaghetti, and vermicelli, will not be denied on the ground that it would be deceptive and confusing, because already used as a trade-mark for breakfast cereals.

We think that these authorities sustain the decision of the Commissioner. of Patents. It is accordingly affirmed.